UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DWAYNE ROBERT STEPHENSON, Petitioner, v. RANDY BLADES, Respondent. | Case No. 1:13-cv-00285-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Dwayne Robert Stephenson's[1] Petition for Writ of Habeas Corpus. (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal. (Dkt. 7.) Petitioner has filed a response to the Motion. (Dkt. 10). Respondent has filed a reply, and Petitioner has filed a sur-reply (Dkt. 13, 15.) The Court also ordered supplemental briefing with respect to Claim Four of the Petition and has considered the parties' supplemental briefs, along with all of their submissions in this case. Also pending before the Court is Petitioner's Motion for Application of *Martinez v. Ryan*. (Dkt. 11.) The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on October 24, 2013. (Dkt. 6.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

---

[1] The state court records refer to Petitioner as "Robert Duane Stephenson." The Court uses Petitioner's name as he has presented it. Petitioner does not dispute that he is the person identified in the state court records, notwithstanding the slightly different names.

**MEMORANDUM DECISION AND ORDER  1**

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion for Summary Dismissal, denying Petitioner's Motion for Application of *Martinez v. Ryan*, and dismissing this case. Claims One, Two, Three and part of Four will be dismissed with prejudice as untimely, while the portion of Claim Four alleging a miscalculation of Petitioner's sentence will be dismissed without prejudice as unripe and unexhausted.

## BACKGROUND

In 2005, pursuant to a plea agreement, Petitioner entered an *Alford* plea of guilty[2] in the Fifth Judicial District of the State of Idaho, in Gooding County, to burglary in violation of Idaho Code § 18-1401. In exchange for Petitioner's plea, the state withdrew a persistent violator enhancement, as well as an escape charge against Petitioner that was pending in another county. (State's Lodging A-1 at 76-77.) The plea agreement did *not* encompass a separate weapons charge against Petitioner pending in Jerome County (based on Petitioner's possession of a shank in prison). (*Id.*; *see also* State's Lodging A-2 at 33, where Petitioner acknowledged to the court he understood that the weapons charge

---

[2] An *Alford* plea takes its name from *North Carolina v. Alford*, where the United States Supreme Court held that it was constitutionally permissible for the court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty." 400 U.S. 25, 35 (1970).

**MEMORANDUM DECISION AND ORDER 2**

was "not part of this deal"). Defendant later moved to withdraw his plea, but decided to withdraw the motion before the trial court ruled on it. (*Id*. at 87-90.) Petitioner was sentenced to a fixed ten-year term of imprisonment, and judgment was entered on December 29, 2005. (*Id*. at 95-101.) The sentence was to run consecutively to any sentence received in the shank case in Jerome County. (*Id.* at 101; State's Lodging A-1 at 99.)

Petitioner filed a direct appeal, arguing that his sentence was excessive. (State's Lodging B-2.) The Idaho Court of Appeals affirmed. Petitioner filed a petition for review with the Idaho Supreme Court, which was denied on April 13, 2007. (State's Lodging B-6, B-8.) The remittitur issued that same day.

On February 13, 2012, Petitioner was notified by the Idaho Department of Correction (IDOC) that his sentence "had been incorrectly calculated." (Dkt. 1 at 7.) Although Plaintiff does not provide any specific facts surrounding this calculation in his Petition, the state court record suggests that the IDOC initially calculated Petitioner's sentences in three separate criminal cases as running concurrently. However, "while conducting an audit of [Petitioner's] sentence," the IDOC determined that the sentences were supposed to run consecutively—as the sentencing judge in Gooding County had pronounced. (State's Lodging C-1 at 31, 121.) Thus, several years were added onto the date initially believed to be Petitioner's full-term release date.

**MEMORANDUM DECISION AND ORDER  3**

On May 14, 2012, Petitioner filed a petition for postconviction relief in the state trial court in Gooding County, alleging (1) that his conviction and sentence violated the Double Jeopardy Clause of the Fifth Amendment; (2) that the prosecutor's sentencing recommendation violated the plea agreement; (3) that Petitioner's guilty plea was not knowing and voluntary; (4) that his due process rights were violated when the trial court did not impose a sentence that would concurrently with a sentence in another criminal case against Petitioner in a different county; (5) that the IDOC's alleged sentencing miscalculation violated due process; (6) that the parole board violated due process by not allowing Petitioner to "parole from one consecutive sentence to another"; and (7) that Petitioner's sentence was illegal. (State's Lodging C-1 at 7, 11, 13-14, 18, 21.)

The state court dismissed the postconviction petition as untimely because it was not filed within the one-year statute of limitations set forth in Idaho Code § 19-4902(a). (*Id*. at 121.) The court also stated, "[T]o the extent that the petitioner argues that the Department of Corrections has miscalculated the time he must serve, the petitioner must file[] a petition for writ of habeas corpus" in Ada County, where Petitioner is imprisoned. (*Id*.) It does not appear from the record that Petitioner filed a state habeas petition in Ada County. Petitioner filed a motion for reconsideration, which the Gooding County court denied. (*Id*. at 146-47.)

Petitioner appealed the dismissal of his postconviction petition. The Idaho Court of Appeals affirmed, agreeing that the petition was untimely, and the Idaho Supreme Court

**MEMORANDUM DECISION AND ORDER  4**

denied Petitioner's petition for review. (State's Lodging D-4, D-6.) The remittitur issued on June 12, 2013. (State's Lodging D-7.)

This Petition was filed, at the earliest, on June 25, 2013. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases ("Habeas Rules"). Petitioner asserts four claims:

> Claim One: That Petitioner was subjected to double jeopardy in violation of the United States Constitution[3] because he had been previously convicted of grand theft stemming from the same incident that led to the burglary charge.
>
> Claim Two: That as a result of the double jeopardy violation, the state trial court lacked subject matter jurisdiction to impose on Petitioner a sentence for burglary. In his supplemental brief, Petitioner also argues that the prosecutor breached the plea agreement.
>
> Claim Three: That Petitioner received ineffective assistance of counsel when his attorney advised him to plead guilty notwithstanding Petitioner's expressed belief that the charge violated the Double Jeopardy Clause.
>
> Claim Four: That Petitioner was denied due process when the IDOC miscalculated his sentence. In his supplemental brief,

---

[3] In his supplemental brief filed on May 19, 2014, Petitioner also claims that he was subjected to double jeopardy in violation of the Idaho State Constitution. (Dkt. 18 at 2-5.) However, habeas relief cannot be granted on the grounds that a conviction or sentence violates the state constitution or state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("Federal habeas corpus relief does not lie for errors of state law.")

**MEMORANDUM DECISION AND ORDER  5**

> Petitioner also claims that he received ineffective
> assistance of counsel as to his sentence and that the trial
> court erred in imposing a consecutive sentence.

(Dkt. 1 at 4-7; Dkt. 18 at 6-10.)

Respondent now moves for summary dismissal of the Petition, arguing that Petitioner's claims are barred by the statute of limitations and are procedurally defaulted. The Court need not address Respondent's procedural default argument. Claims One, Two, Three, and part of Claim Four (asserting that he received ineffective assistance of counsel and that the trial court erred by imposing a consecutive sentence) were filed after the one-year statute of limitations had already run, *see* 28 U.S.C. § 2244(d). Because Petitioner (1) is not entitled to statutory tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, Claims One, Two, Three, and part of Four are untimely and must be dismissed with prejudice.

In contrast to these claims, which were filed too late, the remainder of Claim Four—alleging a denial of due process based on a miscalculation of Petitioner's full-term release date—was filed too *early* and has not been fairly presented to the state courts. Therefore, this portion of Claim Four will be dismissed without prejudice.

## DISCUSSION

1. **Standard of Law Governing Summary Dismissal**

Rule 4 of the Habeas Rules authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the

face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

2. **Claim Four's Allegation of a Miscalculated Sentence Is Neither Ripe Nor Exhausted**

With respect to the portion of Claim Four involving the IDOC's alleged miscalculation of Petitioner's sentence, Respondent argues that the claim is untimely and procedurally defaulted and that it is not cognizable on federal habeas review. (Dkt. 19 at 10-12.) The Court need not address any of these issues, because the Court concludes that the claim is subject to summary dismissal on different grounds—that it is not yet ripe and that it is not exhausted.

A. *Ripeness*

A challenge to the *execution or administration* of a person's sentence rather than a challenge *to the sentence itself*—particularly a claim that a person is being held past his full-term release date—cannot be brought before the alleged release date. *See James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002) ("In the present case, James's . . . petition alleged the incorrect application of credit for time served and a miscalculation of the conditional release date. James could not have argued that he was in custody in violation of laws of the United States before the time when, according to his calculations, he should have been released."); *see also United States Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2001) ("A prisoner whose conviction and sentence were tested long ago may still file petitions relating to denial of parole, revocation of a suspended sentence, and the like because such

MEMORANDUM DECISION AND ORDER  7

claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding."). Therefore, Petitioner's claim that the IDOC miscalculated his release date is not yet ripe and may not be used as a ground for relief in this habeas case.

**B.    *Exhaustion***

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

As the Idaho postconviction court noted, Petitioner has not yet pursued appropriate relief in state court to challenge the calculation of his release date. To do so, he must file a state habeas petition in Ada County, where Petitioner is currently serving his sentence. (State's Lodging C-1 at 121.) Because a state writ of habeas corpus is still an available remedy in the Ada County Court, the miscalculation portion of Claim Four is unexhausted.[4]

---

[4] Because the miscalculation claim is not ripe, the Court declines to stay the petition under *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

**MEMORANDUM DECISION AND ORDER  8**

### C. *Conclusion as to Miscalculation Claim*

It is clear from the face of the petition that the portion of Claim Four challenging the IDOC's calculation of Petitioner's release date cannot be brought at this time because it is unripe and unexhausted.[5] *See* Habeas Rule 4. Thus, this claim will be dismissed without prejudice.

### 3. Claims One, Two, Three, and the Remainder of Claim Four Are Barred by the Statute of Limitations

### A. *Standard of Law*

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations "applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

Title 28 U.S.C. § 2244(d)(1) provides that the statute limitations period is triggered by one of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time

---

[5] In addition, although the Court declines to decide the issue at this time, it is not clear whether a challenge to the IDOC's alleged miscalculation of Petitioner's full-term release date may be brought in an action challenging his Gooding County conviction. According to the state record, the re-calculation was made when the IDOC discovered that Petitioner's sentence for one of his *Jerome County convictions* was actually intended to run consecutively to his sentence in the Gooding County case that is the subject of this Petition. (State's Lodging C-1 at 31-21.) Thus, it appears that any federal habeas claim involving the alleged miscalculation of Petitioner's release date may have to be brought in an action challenging the Jerome County conviction.

**MEMORANDUM DECISION AND ORDER  9**

> for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Claims One, Two, and Three, as well as the portion of Claim Four that alleges ineffective assistance of counsel and wrongful imposition of a consecutive sentence, involve subsection (d)(1)(A): Petitioner's conviction became final on the date of the conclusion of direct review or the expiration of the time for seeking such review. Direct review of a conviction includes the opportunity to file a petition for a writ of certiorari in the United States Supreme Court. The Supreme Court has clarified application of § (d)(1)(A) as follows:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

**MEMORANDUM DECISION AND ORDER 10**

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

The statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. Any post-conviction petition or other collateral proceeding that is untimely under state law is not considered properly filed and thus does *not* toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can still hear the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

**MEMORANDUM DECISION AND ORDER  11**

In addition, the statute of limitations is subject to an actual innocence exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). If a petitioner "demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may . . . have his constitutional claims heard on the merits," even if the petition is otherwise time-barred. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Although a petitioner asserting actual innocence, as opposed to equitable tolling, need not prove diligence to overcome the statute of limitations, "a court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence." *McQuiggen*, 133 S. Ct. 1935 (internal quotation marks and alterations omitted).

### B. *The Petition Was Not Timely Filed as to Claims One, Two, Three, and Part of Four*

Because Petitioner did not file petition for writ of certiorari with the United States Supreme Court, his conviction became final on July 12, 2007, 90 days after the Idaho Supreme Court issued the remittitur in Petitioner's direct appeal. AEDPA's one-year statute of limitations began running on that date. *See Gonzalez*, 132 S. Ct. at 653-54.

Absent tolling, the statute of limitations period with respect to Claims One, Two, Three, and part of Four would have expired on July 12, 2008—one year after Petitioner's conviction became final. However, Petitioner did not file his Petition until June 25, 2013, long after the limitations period had run its course.

**MEMORANDUM DECISION AND ORDER 12**

Petitioner attempts to avoid the statute of limitations issue by arguing that his double jeopardy claim goes to the issue of the state court's subject matter jurisdiction and, therefore, a challenge to the conviction may be raised at any time. (Dkt. 10 at 2, 8-9.) It is true that a challenge to a *federal* court's jurisdiction cannot be waived and may raised at any time; however, that rule does not speak to the subject matter jurisdiction of a *state* court trying a criminal case. The courts that have addressed arguments similar to Petitioner's have uniformly held that "there is no exception under the AEDPA for subject matter jurisdiction claims." *Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D.S.C. 2007) (internal quotation marks and alteration omitted); *see also Gladden v. Blounty Cnty.*, 2013 WL 5707319, at *4 (N.D. Ala. 2013) (same, collecting cases). The Court adopts the reasoning in those cases and concludes that Petitioner's double jeopardy and subject matter jurisdiction claims do not exempt him from complying with the statute of limitations.

Therefore, the remaining claims in the Petition are barred by AEDPA's one-year statute of limitation unless Petitioner establishes that he is entitled to statutory or equitable tolling or that he is actually innocent.

      i.    <u>Statutory Tolling</u>

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.

§ 2244(d)(2). However, Petitioner filed his state postconviction petition on May 14, 2012, nearly four years *after* AEDPA's statute of limitations had already expired. AEDPA "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003). Further, because the postconviction petition was untimely under state law, it could not operate to toll the statute of limitations in any event. *See Pace*, 544 U.S. at 414. For these reasons, Petitioner is not entitled to statutory tolling.

    ii. <u>Equitable Tolling</u>

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 130 S. Ct. at 2562. "Equitable tolling is justified in few cases, though. 'Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (alteration omitted) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his postconviction claims in state court, and then waited "five more months after his [postconviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419.

**MEMORANDUM DECISION AND ORDER 14**

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. He has simply not explained how any extraordinary circumstance "made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotation marks and alteration omitted).

      iii.    Actual Innocence

Finally, although Petitioner does not clearly assert that he is actually innocent, the Court will consider whether he has made such a showing.[6] Although a freestanding claim of actual innocence is not cognizable on collateral review in a non-capital federal habeas corpus action, a habeas petitioner may avoid a procedural bar, such as the statute of limitations, by making a credible showing of actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) ("[O]ur habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."). To do so, Petitioner must show there is a reasonable probability that no reasonable juror would have voted to convict—or, stated another way, that *every* reasonable juror would vote to acquit. *Lee*, 653 F.3d at 927.

---

[6] The fact that Petitioner pleaded guilty, by itself, does not necessarily bar him from asserting an actual innocence gateway claim. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998) ("Petitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent.") (internal quotation marks omitted).

**MEMORANDUM DECISION AND ORDER  15**

This is an extremely demanding standard, one that is satisfied in very few cases. Types of evidence that can establish actual innocence include credible declarations of guilt by another, reliable eyewitness accounts, and exculpatory scientific evidence. *See Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citing *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), and *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Petitioner has not offered any evidence to support a claim of actual innocence. Therefore, the untimeliness of his federal Petition cannot be excused.

## PETITIONER'S MOTION FOR APPLICATION OF *MARTINEZ v. RYAN*

Petitioner asks the Court to apply *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to his Petition. In *Martinez*, the United States Supreme Court held that ineffective assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. In *Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013), the Ninth Circuit extended *Martinez*, holding that it can also apply to procedurally defaulted claims of ineffective assistance of direct appeal counsel.

*Martinez* applies only to procedurally defaulted claims, not to claims that are time-barred. *See, e.g., Lowe v. Ohio*, 2014 WL 773155, at *2 (S.D. Ohio Feb. 25, 2014) (unpublished). Therefore, because the Court does not address Respondent's procedural default argument, Petitioner's Motion for Application of *Martinez* will be denied.

**MEMORANDUM DECISION AND ORDER 16**

## CONCLUSION

For the foregoing reasons, Claims One, Two, Three, and part of Claim Four of the Petition are barred by AEDPA's one-year statute of limitations, and the portion of Claim Four asserting a miscalculation in Petitioner's sentence is unripe and unexhausted. Therefore, the Petition will be dismissed in its entirety.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 7) is GRANTED. Claims One, Two, and Three of the Petition are DISMISSED with prejudice. The portion of Claim Four alleging a denial of due process based on the IDOC's alleged miscalculation of Petitioner's full-term release date is DISMISSED without prejudice; the remainder of Claim Four is DISMISSED with prejudice.

2. Petitioner's Motion for Application of *Martinez v. Ryan* (Dkt. 11) is DENIED.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of

Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED: **July 14, 2014**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER  18**